IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STICHTING MAYFLOWER MOUNTAIN FONDS, STICHTING MAYFLOWER RECREATIONAL FONDS, and MAYFINANCE, C.V., Netherlands associations,<br><br>    Plaintiffs,<br><br>vs.<br><br>U.S. WEST NEW VECTOR GROUP, INC., and WASATCH UTAH RSA No. 2, LIMITED PARTNERSHIP,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT/MOTION IN LIMINE<br><br><br><br>Case No. 2:05-CV-1 TS |

    This matter is before the Court on Plaintiffs' Motion for Summary Judgment/Motion in Limine. Plaintiffs ask the Court to find as a matter of law that the phrase "initial year of this lease," found in a lease agreement between the Parties, unambiguously refers to 1990-1991. As discussed below, the Court will deny Plaintiffs' Motion.

I.  BACKGROUND

    This case is a contract dispute regarding the interpretation of a land lease between Plaintiffs Stichting Mayflower Mountain Fonds, Stichting Mayflower Recreational Fonds, and

1

MayFinance, C.V. (collectively, "Landlord"), and Defendants U.S. West New Vector Group, Inc. and Wasatch Utah RSA No. 2, Limited Partnership (collectively, "Tenant").[1]  In an Option and Lease Agreement, dated August 1, 1990, Landlord granted an option to Tenant to lease a 2,500 square-foot parcel of land located on Bald Mountain in Wasatch County, Utah, on which Tenant anticipated building and operating a cellular telephone antenna.[2]  The Parties executed the Option and Lease Agreement in October 1990, at which time Tenant apparently exercised the lease option.[3]  Although the fact appears to be disputed, for purposes of this memorandum it will be assumed that the option was exercised on the date Tenant signed the Option and Lease Agreement—October 25, 1990.

The lease was "for an initial term of eight (8) years, commencing on the date the Option [was] exercised by TENANT and terminating on December 31, 1998."[4]  At the end of the initial term, the lease provided that the Parties could continue the lease "for a further term of five (5) years" on substantially the same terms and conditions.  Annual rent for the renewal period was to be calculated pursuant to Paragraph 4 of the lease, which states in relevant part:

> For purposes of establishing the base rent for the second term, tenant shall provide LESSOR annually during the term hereof an audited statement of income derived by TENANT from services provided in the Service Area shown on Exhibit "B", as submitted to the Utah Public Utilities Commision [sic].  The degree by which such income increases year to year following the first year of the first term hereof shall be noted on such statements.  At the outset of any renewal

---

[1]Deer Valley Resort Co. was also a party to the lease, agreeing to provide power and access to the leased land in exchange for 30% of the lease payments.  However, Deer Valley is not a party to this case.

[2]Docket No. 81, Ex. A.

[3]*Id.* (signature pages).

[4]*Id.*, Ex. A, at 3.

term hereunder, the rental paid during the last year of the preceding term shall be increased in the degree by which TENANT's said income in such year exceeds TENANT's said income in the initial year of this lease. Such increased rental shall become the rental for the first year of the renewal term. Such rent shall not be less than the last rent paid in the previous term, escalated by the Consumer Price Index.[5]

At the end of the initial term, the Parties continued the lease for the additional five-year term, after which Tenant vacated the property. Although Tenant tendered rent payments during the additional term, Landlord rejected those payments, claiming that they were insufficient. Landlord filed this suit, seeking payment of the rent due during the additional term according to its calculations.

Cross motions for summary judgment were filed by the Parties in April 2007, shortly before the deadline for dispositive motions. Tenant argued that the term "income" means net income, or receipts less attributable expenses and that the phrase "initial year of this lease" refers to the year 1992, or the first year in which Tenant had "income." Landlord moved for summary judgment only on the "income" issue, arguing that "income" means gross income or total receipts. Landlord did not move for summary judgment with regard to the meaning of the phrase "initial year of this lease."

In an Order dated October 9, 2007, the Court granted Tenant's summary judgment motion with respect to the meaning of "income," finding that "the term 'income' must be interpreted to take into account those expenses properly attributable to Tenant's cellular telephone antenna operations on the Property."[6] Accordingly, the Court denied Landlord's partial summary judgment motion. However, the Court denied Tenant's summary judgment

---

[5]*Id.*, Ex. A, at 4.

[6]Docket No. 42, at 6.

motion with respect to the interpretation of the phrase "initial year of this lease," finding that it does not *unambiguously* refer to the year 1992.[7]

After Landlord voluntarily dismissed a premature appeal,[8] trial was set for April 22, 2008, and the Parties were referred to settlement conference.[9] However, due to Landlord's principal's inability to attend either the settlement conference or the April 28, 2008 trial, the trial was continued indefinitely.[10] Landlord then filed the Motion for Summary Judgment/Motion in Limine currently before the Court.

## II. STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[11] In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[12] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[13]

---

[7]*Id.* at 10 ("The court cannot find that the language 'initial year of this lease' unambiguously means the year 1992 when the term of the Lease began in 1990.").

[8]Docket Nos. 55 and 56.

[9]Docket No. 61.

[10]Docket No. 77.

[11]*See* Fed. R. Civ. P. 56(c).

[12]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[13]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

III.  DISCUSSION

Landlord claims that it is entitled to summary judgment, arguing that the phrase "initial year of this lease" unambiguously means 1990-1991.  Tenant contends that the phrase "initial year of this lease" is ambiguous, but should be interpreted to refer to the year 1992, the first year in which Tenant had "income."

Applying Utah law, the Court must interpret the provisions of the lease[14] by ascertaining the intentions of the parties.[15]  Where the language within the four corners of a contract is unambiguous, the Court may determine the parties' intentions from the contract's language as a matter of law.[16]  However, where the language contains ambiguity, "the intent of the parties becomes a question of fact"[17] and "extrinsic evidence must be looked to in order to determine the intentions of the parties."[18]

"Whether an ambiguity exists in a contract is a question of law."[19]  "An ambiguity exists in a contract term or provision if it is capable of more than one reasonable interpretation because

---

[14]*See Edwards & Daniels Architects, Inc. v. Farmers' Props., Inc.*, 865 P.2d 1382, 1385 (Utah Ct. App. 1993) (applying principles of contract interpretation to lease agreement).

[15]*Webbank v. Am. Gen. Annuity Serv. Corp.*, 54 P.3d 1139, 1144 (Utah 2002).

[16]*Id.* at 1145.

[17]*Id.* (quoting *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc.,* 28 P.3d 669, 675 (Utah 2001)) (internal quotation marks omitted).

[18]*Id.* (quoting *Cent. Fla. Invests., Inc. v. Parkwest Assocs.*, 40 P.3d 599, 605 (Utah 2002)) (internal quotation marks omitted).

[19]*Id.* (quoting *Winegar v. Froerer Corp.*, 813 P.2d 104, 108 (Utah 1991)) (internal quotation marks omitted).

of uncertain meanings of terms, missing terms, or other facial deficiencies."[20]  Importantly, "[a] motion for summary judgment may not be granted if a legal conclusion is reached that an ambiguity exists in the contract and there is a factual issue as to what the parties intended."[21]

Having carefully reviewed the lease, the Court finds that the phrase "initial year of this lease" is capable of more than one reasonable interpretation and is, therefore, ambiguous. "[I]nitial year of this lease" could—as Landlord apparently contends—refer to the 365-day period immediately following Tenant's exercise of the option.  Read in isolation, this argument is certainly tenable.  However, accepting this time period as the "initial year of this lease" creates problems in determining the time period referred to as "the last year of the preceding term."  "For purposes of establishing the base rent for the second term," the lease required Tenant to "provide LESSOR *annually* during the term [of the lease] an audited statement of income derived by TENANT from services provided in the service area."[22]  On those statements, Tenant was to indicate "[t]he degree by which such income increases year to year following the first year of the first term" of the lease.[23]  If the "initial year of this lease," which Landlord argues is synonymous with the "first year of the first term," is from October 25, 1990, to October 24, 1991, then the second year of the lease would be from October 25, 1991, to October 24, 1992, and so on.  Thus, the "last year of the preceding term" would begin on October 25, 1998, and would end on

---

[20]*Id.* (quoting *SME Indus.*, 28 P.3d at 675) (internal quotation marks omitted).

[21]*Id.* (quoting *Faulkner v. Farnsworth*, 665 P.2d 1292, 1293 (Utah 1983)) (internal quotation marks omitted).

[22]Docket No. 81, Ex. A, at 4 (emphasis added).

[23]*Id.*

December 31, 1998—as per the lease's instruction[24]—resulting in a time period of approximately two months.  If this were the case, the rent renewal calculation would require comparing the income resulting from a twelve-month period with the income resulting from a period of approximately two months, potentially leading to distorted results.

"[I]nitial year of this lease" might also refer to 1990, the year in which the lease was executed.  The Option and Lease Agreement was dated August 1, 1990, and the option granted thereunder was required by its own terms to be exercised, if at all, by October 24, 1990.  Under this scenario, the second year of the lease would be 1991 and the "last year of the preceding term" would be the 1998 calendar year.  Thus, accepting 1990 as the "initial year of this lease" would require the Court to assume that the Parties intended to compare the income from a period consisting of, at most, five months to the income from an entire year—again, potentially leading to distorted results.

"[I]nitial year of this lease" could also refer to the first full calendar year of the lease—1991.  According to the lease, the "initial term" of the lease was made up of "eight (8) years . . . terminating on December 31, 1998."[25]  Thus, 1998 was to be the "last [or eighth] year of the preceding term," making 1991 the "initial [or first] year of this lease."  However, this would require the Court to presume that the Parties intended, without explicitly stating, to completely ignore the year 1990—the year in which the lease was executed—in determining the "initial year of this lease."

---

[24]*See id.*, Ex. A., at 3 ("and terminating on December 31, 1998").

[25]*Id.*

Finally, "initial year of this lease" could refer to some year other than the "first year of the first term" of the lease.  Landlord asserts that "initial year of this lease" and "first year of the first term" are synonymous.  However, accepting this argument would require the Court to attribute no meaning to the Parties' use of the two different phrases in the same paragraph.  The phrase "initial year of this lease" is used only once in the entirety of the lease's text—directly after the requirement that Tenant indicate on the annual statements of income "the degree by which such income increases year to year following the first year of the first term."  If, "first year of the first term" is synonymous with "initial year of this lease," the parties would have no reason to use the entirely new phrase "initial year of this lease" in the sentence directly following their use of the phrase "first year of the first term."  Thus, the phrase "initial year of this lease" may refer to something other than the "first year of the first term."  Fittingly, "initial year of this lease" may well refer, as Tenant asserts, to the first year in which Tenant had income—1992.  However, as found in the Court's October 9, 2007 Order, this interpretation is not *compelled* by the language of the lease as a matter of law.

In sum, the phrase "initial year of this lease" is capable of several reasonable interpretations, each with its own flaws.  Accordingly, the Court finds that the phrase "initial year of this lease" is ambiguous and, therefore, a question of fact.  Although the Parties have submitted extrinsic evidence as to the meaning of the phrase "initial year of this lease"— including the annual statements of income actually provided by Tenant to Landlord, an expert opinion regarding the proper calculation of rent for the additional term, and evidence regarding the rental rates paid for properties in the surrounding area—this evidence would not compel a jury to accept any of the possible interpretations listed above.  Therefore, because an issue of material fact remains as to the meaning of the phrase "initial year of this lease," the Court will

deny Landlord's Motion for Summary Judgment/Motion in Limine and allow the Parties to submit their extrinsic evidence to a jury.

## IV.  CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that Plaintiffs' Motion for Summary Judgment/Motion in Limine [Docket No. 78] is DENIED.

DATED June 17, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge